UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:15-CR-076 JD |
| ) | |
| VICTOR HUGO MARTINEZ-LOPEZ ) | |

**OPINION AND ORDER**

Now before the Court is a Rule 11(d)(2)(B) motion filed by Defendant Victor Hugo Martinez-Lopez to withdraw his plea of guilty to two counts of distribution of methamphetamine. [DE 46]. Mr. Martinez-Lopez asserts that withdrawal of his plea is warranted because his prior attorney did not properly advise him of the impact the drug-quantity stipulation in his plea agreement would have on his sentencing guidelines calculation. He further argues that he did not understand the impact of the Government's 21 U.S.C. §851 filing, which increased the statutory maximum penalties for the offenses to which he pled. For the reasons that follow, the Court concludes that Mr. Martinez-Lopez's motion is not well taken.

**FACTS**

On September 9, 2015, Defendant Victor Hugo Martinez-Lopez was indicted on three counts relating to the distribution of methamphetamine. [DE 9]. On October 21, 2015, the Government filed a notice under 21 U.S.C. § 851, indicating that those counts would carry enhanced statutory penalties due to Mr. Martinez-Lopez's 2004 conviction for delivery of cocaine. [DE 16]. Shortly thereafter, Mr. Martinez-Lopez agreed to plead guilty to two counts of the indictment, both of which charge distribution of methamphetamine in violation of 21 U.S.C. §841(a)(1). The plea agreement contained a provision providing that "the parties stipulate that the defendant's relevant conduct includes the distribution of 45 kilograms of

methamphetamine[.]" [DE 17 at 5].

Magistrate Judge Christopher A. Nuechterlein then held a change of plea hearing, during which the Court engaged in a lengthy Rule 11 colloquy with Mr. Martinez Lopez. In it, Mr. Martinez-Lopez indicated that he had read his plea agreement, discussed it with his attorney and understood it. [DE 22]. He further indicated he understood that: (1) both counts in his plea carried a maximum statutory penalty of thirty years imprisonment, (2) despite whatever his attorney told him regarding his guidelines calculation, the Court would determine his guidelines range, (3) Probation would conduct an investigation to facilitate the Court's guidelines calculation, which would include consideration of the nature and quantity of drugs he sold, (4) the Court has the power to deviate from whatever it ultimately determines to be the proper guidelines range and (5) if he receives a sentence more severe than he thought he was going to get, what his attorney told him or what the guidelines recommend, it will not be grounds for withdrawing his plea. *Id*.

Following this hearing, Magistrate Judge Nuechterlein concluded that Mr. Martinez-Lopez's plea was knowing and voluntary and recommended that the district court accept it. [DE 22]. The parties did not object to that recommendation and this Court subsequently accepted the plea on November 6, 2015, finding Mr. Martinez-Lopez guilty of Counts 1 and 2 of the Indictment. [DE 24]. A presentence report issued on February 16, 2016, which attributed 45 kilograms of methamphetamine to Mr. Martinez-Lopez and accordingly calculated his base offense level as 38 under U.S.S.G. § 2D1.1(c). Three days later, Mr. Martinez-Lopez discharged his retained counsel and the Court appointed new counsel for him. [DE 36, 38].

New counsel then filed the instant motion to withdraw Mr. Martinez-Lopez's guilty plea on April 4, 2016. [DE 46]. It raises two grounds for withdrawing the plea: (1) that Mr.

Martinez-Lopez was unaware prior to receiving his presentence report that his stipulation to a drug quantity of 45 kilograms of methamphetamine would elevate his base offense level by 14 levels to 38 (as compared to the base offense level of 24, which would have been appropriate had Mr. Martinez-Lopez distributed only the 84 grams of methamphetamine described in the two controlled buys outlined in the plea agreement) and (2) that Mr. Martinez-Lopez did not understand the impact of the Government's 21 U.S.C. § 851 filing, which increased the statutory maximum period of imprisonment for his offenses from 20 to 30 years, prior to pleading guilty. [DE 46]. The defense somewhat conflates these contentions, asserting that the Government's § 851 notice added 14 levels to Mr. Martinez-Lopez's guidelines calculation. But, since that is not true (the § 851 notice simply increased Mr. Martinez-Lopez's maximum statutory sentence, while Mr. Martinez-Lopez's base offense level was based on the plea agreement's drug quantity stipulation) and these are distinct arguments, the Court addresses them separately. The parties have now briefed this motion and it is ripe for review. [DE 48, 49, 50].

## STANDARD OF REVIEW

Rule 11 of the Federal Rules of Criminal Procedure governs the Court's acceptance of, and a defendant's ability to withdraw, a plea of guilty. The rule states, in relevant part: "A defendant may withdraw a plea of guilty or nolo contendere: . . . (2) after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). Here, the Court did not reject the plea agreement, so subsection (A) is not available to Mr. Martinez-Lopez. Therefore, unless Mr. Martinez-Lopez can demonstrate a "fair and just reason" for withdrawing his guilty plea, the plea will stand.

3

Ineffective assistance of counsel can render a plea involuntary. To show ineffective assistance of counsel, a defendant "must show both that the counsel's performance was objectively unreasonable and that, but for counsel's errors, the defendant would not have pled guilty." *United States v. Peliti*, 576 F.3d 377, 383 (7th Cir. 2009) (quoting *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007)). If such a showing is made, then the ineffective assistance is a "valid basis for withdrawing a guilty plea." *Id.*

**ANALYSIS**

A. The Drug Quantity Stipulation and Resulting Guidelines Range

Mr. Martinez-Lopez first argues that his previous attorney did not adequately advise him of the impact his drug quantity stipulation would have on his guidelines calculation. Specifically, he says his prior counsel failed to recognize the impact of the plea agreement's stipulation to a drug quantity of 45 kilograms of methamphetamine, which the presentence report invoked to calculate a base offense level of 38, a total offense level of 39 and a resulting advisory imprisonment range of 324 to 405 months. In contrast, Mr. Martinez-Lopez says his attorney led him to believe that a 108-month sentence was a "worst case scenario." [DE 49 at 2]. Mr. Martinez-Lopez asserts that his resulting misunderstanding as to his probable term of imprisonment is a fair and just reason to permit withdraw of his plea.

That argument is foreclosed by Seventh Circuit law. The Seventh Circuit "has consistently held that the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea." *United States v. Redmond*, 667 F.3d 863, 872 (7th Cir. 2012). This is true even where the defendant's misunderstanding is caused by his counsel's faulty advice. *United States v. Tollinchi-Rodriguez*, No. 15-3720, 2016 WL 3006879, at *2 (7th Cir. May 25, 2016) (unpublished) (finding that any

4

appeal of a district court's denial of a defendant's motion to withdraw his plea would be frivolous where the "only reason [the defendant] gave for asking to withdraw his plea was that his attorney did not warn him about the possibility of such a high recommended sentence"); *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006) (finding that a defendant may not withdraw a plea based on a misunderstanding of the sentencing guidelines where a proper Rule 11 colloquy is conducted "even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be").

Indeed, even if the Seventh Circuit had not expressly rejected defense counsel's argument, it would not be viable. Ineffective assistance of counsel can be a basis for withdrawing a plea if "counsel's performance was objectively unreasonable and that, but for counsel's errors, the defendant would not have pled guilty."[1] *Peleti*, 576 F.3d at 383.

As to the first of these criteria, ordinarily the inaccurate prediction of a sentence "does not demonstrate the deficiency component of an ineffective assistance of counsel claim." *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999); *see also United States v. Fuller*, 312 F.3d 287, 293 (7th Cir. 2002).[2] Nevertheless, gross mischaracterization of sentencing

---

[1] The defense contends that deficient legal advice may warrant withdrawal from a plea even absent a showing of prejudice, citing *United States v. McMullin*, 568 F.3d 1 (1st Cir 2009). But *McMullin* did not hold that. Rather, it involved an allegation by a defendant that his attorney pressured him into accepting a plea, which the court found no evidence to substantiate. In fact, the First Circuit, like the Seventh Circuit, requires a showing of prejudice for a defendant to withdraw from a plea based on a claim of ineffective assistance of counsel. *United States v. Caramadre*, 807 F.3d 359, 371 (1st Cir. 2015) ("The court below accurately rehearsed the standard for assessing an ineffective assistance of counsel claim in the context of a plea-withdrawal motion. In fine, the challenger must demonstrate that counsel's performance fell below an objective threshold of reasonable care and that this deficient performance prejudiced him.") (citation omitted); *United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990) (The *Strickland* "two prong analysis applies to guilty plea challenges based upon ineffective assistance of counsel claims.").

[2] Defense counsel argues to the contrary, citing *United States v. Davis*, 428 F.3d 802 (9th Cir. 2005). In that case, the Ninth Circuit found that the district court did not abuse its discretion in concluding an attorney acted ineffectively where he advised his client that his likely sentence was probation to eight years, but it was extremely unlikely the Defendant would actually receive probation. But even assuming that *Davis* is applicable here, where counsel's alleged mistake concerns not the probable type of sentence the Defendant would receive but its duration,

5

consequences may substantiate a finding of deficient performance where counsel fails to undertake "a good-faith effort to determine the applicable facts and estimate the sentence." *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006). Here, Mr. Martinez-Lopez contends that his attorney failed to advise him of the effect his drug quantity stipulation would have on his guidelines range. But even if Mr. Martinez-Lopez received objectively deficient advice, the record demonstrates that he was not prejudiced by it.

There is no indication that, absent counsel's erroneous advice, he would not have pled guilty. In deciding whether to plead guilty or go to trial, a defendant may consider advice from his attorney as to his probable sentence. If an attorney substantially mischaracterizes the defendant's probable sentence, it can thus impact the defendant's plea decision. *Bethel*, 458 F.3d at 719.

But Mr. Martinez-Lopez's allegation of faulty advice does not stand alone. Here, Magistrate Judge Nuechterlein advised Mr. Martinez-Lopez in a Rule 11 colloquy (the propriety of which defense counsel does not challenge) that: (1) regardless of any advice provided by counsel, the Court would independently determine his guidelines range; (2) Probation would conduct an investigation to facilitate the Court's guidelines calculation which would include consideration of the nature and quantity of drugs he sold; (3) he faced a maximum sentence of thirty years in prison on each count and (4) if he received a sentence more severe than he was expecting he would not be permitted to withdraw from his plea. Mr. Martinez-Lopez represented that he understood these things, and further stated that he was not relying on any promises made

---

the Seventh Circuit has reached a result contrary to *Davis*. *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) (no ineffective assistance where attorney failed to inform the defendant that he was not eligible for boot camp, but rather was facing a minimum five-year sentence).

to him not contained in the written plea agreement. The Court is entitled to hold him to those representations. *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009).

A plea colloquy may not invariably remove the prejudice of a lawyer's erroneous advice. *See, e.g., Moore v. Bryant*, 348 F.3d 238, 243 (7th Cir. 2003) (granting defendant's petition for post-conviction relief where the defendant's attorney provided erroneous sentencing advice and nothing in the plea colloquy addressed whether the defendant's plea was based on any predictions as to his sentence). Here, however, Mr. Martinez-Lopez explicitly indicated that he understood he could get a sentence greater than his attorney advised and that he was not relying on any promises not contained within the plea agreement. As such "he cannot now be heard to complain that he would not have pled guilty if he had known his sentence would be more severe than his lawyer predicted. He specifically disclaimed that risk at his change of plea hearing." *Bethel*, 458 F.3d at 718; *see also Jacobson v. United States*, 258 F. App'x 45, 50 (7th Cir. 2007) (unpublished) (finding no prejudice where the defendant received inaccurate sentencing advice from his attorney, but testified at the plea hearing that he was not relying on a particular sentence in pleading guilty and swore that no one had made any promises to him other than those in the plea agreement); *Martinez*, 169 F.3d at 1053-54 (finding no prejudice where the defendant represented that nobody, including his lawyer had "made any promise or assurance to [him] of any kind in an effort to induce or cause [him] to enter into a plea of guilty").

The lack of prejudice to Mr. Martinez-Lopez is further underscored by the strength of the Government's case against him. The Government represents that Immigration and Customs Enforcement agents arrested Mr. Martinez-Lopez after he sold methamphetamine in two controlled buys arranged by law enforcement. Mr. Martinez-Lopez then received his *Miranda* rights and confessed to transporting methamphetamine from Texas to Indiana in eight trips at a

quantity of eight to nine kilograms of methamphetamine per trip. [DE 50 at 9]. He has not contested that admission. Indeed, he agreed that it was correct in the plea agreement. In the face of this evidence, it appears highly unlikely that Mr. Martinez-Lopez would have elected to go to trial. That further suggests that his attorney's advice did not prejudice his decision to plead guilty. *See Bethel*, 458 F.3d at 720 ("It is unlikely [the Defendant] would have insisted on going to trial in any case because, shortly after his arrest, he confessed to selling hundreds of pounds of marijuana."); *United States v. Teller*, 762 F.2d 569, 578 (7th Cir. 1985) (noting the importance of probable outcomes in a defendant's decision to plead or go to trial).

B. The §851 Notice

That leaves Mr. Martinez-Lopez's argument that he did not understand the impact of the Government's 21 U.S.C. § 851 notice, since it was filed shortly before his plea.[3] That notice increased the maximum sentence of imprisonment for Mr. Martinez-Lopez's offenses of conviction from twenty years to thirty years each. Failure to adequately advise a defendant of the period of imprisonment he may face as a result of a plea can indeed be a fair and just reason for withdrawing a plea. *See United States v. Fard*, 775 F.3d 939, 943–44 (7th Cir. 2015) ("[a] guilty plea taken without attention being given to the matters set forth in Rule 11 could constitute a 'fair and just' reason justifying the request for withdrawal of a plea."); Fed. R. Crim. P. 11(b)(1)(H) (providing that a Defendant must be advised of the maximum potential penalties of his offense(s) during a plea colloquy).

As noted above, however, the record in this case clearly indicates that Mr. Martinez-Lopez was aware that he was facing a thirty-year sentence on each § 841 count. Magistrate

---

[3] Defense counsel asserts that the § 851 notice was filed "the day before the plea" [DE 49 at 1], though the docket reflects that both documents were filed on the same day. [DE 16, 17].

Judge Nuechterlein advised him that those counts carry thirty-year maximums, which Mr. Martinez-Lopez acknowledged. Furthermore, contrary to defense counsel's representation that "the [plea] agreement did not discuss the potential effect of the Section 851 filing," [DE 49 at 3], the parties' agreement expressly states that each charge against Mr. Martinez-Lopez carries a potential 30 year term of imprisonment. [DE 17 at 3-4]. And at the change of plea hearing, Mr. Martinez-Lopez stated under oath that he had reviewed this agreement, understood it and had discussed it with his attorney. To the extent that defense counsel did not adequately appraise Mr. Martinez-Lopez of the term of imprisonment he faced, the Rule 11 advisals he received certainly did. *See United States v. Jones*, 381 F.3d 615, 618-19 (7th Cir. 2004) (rejecting defendant's argument that he should be permitted to withdraw his plea since his attorney falsely duped him into believing he would receive only ten years in prison in light of thorough and fair Rule 11 colloquy); *United States v. Morgan*, 398 F. App'x 497 (11th Cir. 2010) (unpublished) (finding that counsel's inaccurate advice as to the probable effect of an § 851 notice did not justify plea withdrawal, where the defendant was accurately advised of potential statutory penalties in a Rule 11 colloquy). Further, Mr. Martinez-Lopez's sworn testimony that he understood the information provided to him in the Rule 11 proceeding renders his present assertion that he did not unavailing. *Patterson*, 576 F.3d at 437 (the Court is "generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the [plea colloquy].") (quoting *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995)); *Thompson v. United States*, 732 F.3d 826, 829 (7th Cir. 2013) ("a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). Accordingly, the Court finds

that Mr. Martinez-Lopez's proffered misunderstanding of the § 851 notice is not a fair and just reason to permit him to withdraw his plea.

## CONCLUSION

For the reasons stated above, the Court finds that Mr. Martinez-Lopez's allegations do not provide a fair and just reason for withdrawing his plea of guilty. The motion to withdraw his guilty plea [DE 46] is therefore **DENIED**. The Court will contact the parties to set a date for sentencing.

SO ORDERED.

ENTERED: July 1, 2016

                                                /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court